CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 13 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PAMELA ENNIS HUFF,                          )
                                            )
        Plaintiff,                          )
                                            )    Civil Action No. 7:13CV00257
v.                                          )
                                            )    **MEMORANDUM OPINION**
OFFICE OF THE SHERIFF, COUNTY OF            )
ROANOKE, VIRGINIA, and                      )    By: Hon. Glen E. Conrad
                                            )    Chief United States District Judge
MICHAEL G. WINSTON, SHERIFF,                )
                                            )
        Defendants.                         )

Pamela Ennis Huff filed this action under the Uniform Services Employment and

Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4335, against the Office of

the Sheriff, County of Roanoke, Virginia ("Sheriff's Office") and Michael G. Winston, Sheriff of

Roanoke County ("Sheriff Winston"). The defendants have moved to dismiss the claims against

the Sheriff's Office and Sheriff Winston in his official capacity, on the basis that such claims are

barred by the Eleventh Amendment. For the reasons that follow, the motion will be granted.

## Background

Ms. Huff was hired by the Sheriff's Office in November of 2001. She worked as a Deputy

Sheriff for approximately five years before being promoted to Deputy Sheriff Bailiff.

Ms. Huff also served in the Army Reserves. She was called to active duty on at least three

occasions, most recently in March of 2010, when she was deployed to Afghanistan for a 400-day

combat tour. While serving in Afghanistan, Ms. Huff suffered significant physical injuries.

Prior to being discharged in May of 2011, Ms. Huff was also diagnosed with post traumatic stress

disorder and major depressive disorder. She returned to work as a Deputy Sheriff Bailiff on July 5, 2011.

In the instant action, Ms. Huff claims that her absences from work to fulfill her military service requirements, and to treat her service-related impairments, resulted in a continuous pattern of discrimination and harassment that ultimately culminated in her termination. Ms. Huff also claims that the defendants failed to accommodate her service-related disabilities, and that they retaliated against her for exercising her rights under USERRA.[1]

The defendants have moved to dismiss the USERRA claims asserted against the Sheriff's Office and Sheriff Winston in his official capacity, on the basis that such claims are barred by the Eleventh Amendment to the United States Constitution.[2] The court held a hearing on the defendants' motion on September 5, 2013. Following the hearing, the parties were given the opportunity to submit supplemental memoranda. The motion to dismiss is now ripe for review.

## Discussion

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state." U.S. Const. Amend. XI. Although the language of the Eleventh Amendment does not explicitly refer to suits brought against a state by one of its own citizens, it has been construed to bar such suits.

---

[1] USERRA prohibits employers from discriminating against employees on the basis of military service. 38 U.S.C. § 4311(a). It also forbids retaliation against an individual who has exercised her rights under USERRA. 38 U.S.C. § 4311(b).

[2] The defendants have not moved to dismiss the claims asserted against Sheriff Winston in his individual capacity. See Osborne v. County Comm'n of Kanawha County, 143 F. App'x 554, 555 (4th Cir. 2005) ("The Eleventh Amendment does not bar suits seeking damages from government officials in their individual capacities.") (citing South Carolina State Ports Auth. v. Fed. Maritime Comm'n, 243 F.3d 165, 170 (4th Cir. 2001)).

2

See Edelman v. Jordan, 415 U.S. 651, 663 (1974). This immunity also extends to "state agents and state instrumentalities," Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), which are considered "arm[s] of the State," Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).[3]

"The Eleventh Amendment bar to suit is not absolute," however. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). The Supreme Court has recognized three exceptions. First, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Second, a state may consent to suit in federal court. Feeney, 495 U.S. at 304. Finally, under Ex parte Young, 209 U.S. 123 (1908), a plaintiff may bring suit against an individual state officer acting in his official capacity if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

In this case, the first exception is the only one at issue.[4] In opposing the instant motion, Ms. Huff argues that USERRA abrogates Eleventh Amendment immunity. For the following reasons, however, the court concludes that this argument is without merit.

---

[3] Ms. Huff has conceded that that the Sheriff, in his official capacity, and the Sheriff's Office, are considered arms of the Commonwealth of Virginia. See Pl's 2d Br. in Opp'n at 4 (citing McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992)); see also Blankenship v. Warren County, 918 F. Supp. 970, 973-74 (W.D. Va. 1996).

[4] There is no indication of any waiver or consent in this case and, thus, the second exception does not apply. Likewise, the allegations in the complaint are insufficient to invoke the third exception. Although the plaintiff's complaint contains a brief reference to "equitable relief," she does not specifically seek reinstatement or any other form of prospective relief from ongoing violations of federal law. In her second brief in opposition to the pending motion, Ms. Huff confirms that "[t]his lawsuit seeks damages from actions and/or omissions committed by the Roanoke County Sheriff in his professional capacity." Pl.'s 2d Br. in Opp'n at 4 (emphasis added).

"Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakeably clear in the language of the statute." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996) ("Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.") (internal citation and quotation marks omitted). A review of USERRA's operative text reveals no such intention on the part of Congress. USERRA's jurisdictional statute, which was amended in 1998, states that federal district courts "shall have" jurisdiction "[i]n the case of an action against a private employer by a person." 38 U.S.C. § 4323(b)(3) (emphasis added). By contrast, the statute provides that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State." 38 U.S.C. § 4323(b)(2) (emphasis added). As other circuits have recognized, the statute's permissive language regarding private actions against state employers "does not evince an intent to grant federal jurisdiction over actions brought by individuals against states, [or] an intent to abrogate the states' sovereign immunity." Townsend v. Univ. of Alaska, 543 F.3d 478, 484 (9th Cir. 2008). Instead, "[t]hese provisions demonstrate that Congress knew how to provide for federal jurisdiction but specifically chose not to do so for USERRA claims brought by individuals against states as employers." McIntosh v. Partridge, 540 F.3d 315, 321 (5th Cir. 2008).

This conclusion is further supported by the legislative history of the 1998 amendments. Unlike the current statute, the pre-1998 version "provided that '[t]he district courts of the United States shall have jurisdiction' over all USERRA actions, including those brought by a person against a state employer." Townsend, 543 F.3d at 484 n.3 (citing Pub. L. No. 103-353 § 2, 108 Stat. 3149, 3165 (1994)). By amending the statute to its current form, Congress eliminated the

4

blanket grant of jurisdiction to federal courts over all USERRA claims, and replaced it with a provision that refers only to the ability of individuals to bring claims against states as employers in state court.  As the United States Court of Appeals for the Ninth Circuit explained in Townsend, "[t]he underlying reason for these amendments was that Congress was concerned about the Supreme Court's then-recent decision in Seminole Tribe," in which "the Court held that Congress may abrogate a state's sovereign immunity only when acting pursuant to its powers under § 5 of the Fourteenth Amendment," and not when it is acting pursuant to the powers enumerated in Article I.  Id. at 383 (citing Seminole Tribe, 517 U.S. at 59, 72-73).  The legislative history "makes plain" that the purpose of the amendments "was to solve the Seminole Tribe problem," and it "is devoid of any statement or suggestion that Congress intended to authorize individuals to bring actions against states in federal court."  Id.

For these reasons, the court concludes that Eleventh Amendment immunity is not abrogated by USERRA and, thus, that this court lacks jurisdiction over the plaintiff's claims for damages against the Office of the Sheriff and Sheriff Winston in his official capacity. Accordingly, the court will grant the defendants' motion to dismiss those claims.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This  13th  day of November, 2013.

_____
Chief United States District Judge

5