CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAMELA ENNIS HUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:13CV00257 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| OFFICE OF THE SHERIFF, COUNTY OF ) | |
| ROANOKE, VIRGINIA, and ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| MICHAEL G. WINSTON, SHERIFF, ) | |
| ) | |
| Defendants. ) | |

Pamela Ennis Huff filed this action under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301-4335, against the Office of the Sheriff, County of Roanoke, Virginia ("Sheriff's Office") and Michael G. Winston, Sheriff of Roanoke County ("Sheriff Winston"). The defendants previously moved to dismiss the claims against the Sheriff's Office and Sheriff Winston in his official capacity, on the basis that such claims are barred by the Eleventh Amendment. On November 13, 2013, following the submission of supplemental briefs by both sides, the court granted the defendants' motion for partial dismissal. The plaintiff has since filed a motion for reconsideration or, in the alternative, for leave to file an interlocutory appeal. The defendants oppose the plaintiff's motion. For the reasons set forth below, the motion will be denied.

## Background

Huff was hired by the Sheriff's Office in 2001. She worked as a Deputy Sheriff for approximately five years before being promoted to Deputy Sheriff Bailiff. Huff also served in the Army Reserves, and she was called to active duty on at least three occasions. In the instant action, Huff claims that she was subjected to discrimination and retaliation because of her military service, in violation of USERRA.

In its prior memorandum opinion granting the defendants' motion for partial dismissal, the court concluded that Huff's claims against the Sheriff's Office and Sheriff Winston in his official capacity are barred by the Eleventh Amendment to the United States Constitution, which "protects unwilling states from suit in federal court," as well as "'arm[s] of the [s]tate' and [s]tate officials." Bland v. Roberts, 730 F.3d 368, 389-90 (4th Cir. 2013) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). In reaching this decision, the court rejected the plaintiff's argument that USERRA abrogates Eleventh Amendment immunity. The court explained as follows:

> "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996) ("Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.") (internal citation and quotation marks omitted). A review of USERRA's operative text reveals no such intention on the part of Congress. USERRA's jurisdictional statute, which was amended in 1998, states that federal district courts "shall have" jurisdiction "[i]n the case of an action against a private employer by a person." 38 U.S.C. § 4323(b)(3) (emphasis added). By contrast, the statute provides that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State." 38 U.S.C. § 4323(b)(2) (emphasis added). As other circuits have recognized, the statute's permissive language regarding private actions against state employers "does not evince an intent to grant federal jurisdiction over actions brought by individuals against states, [or] an intent to abrogate the states' sovereign immunity." Townsend v. Univ. of Alaska, 543 F.3d 478, 484 (9th Cir. 2008). Instead, "[t]hese provisions demonstrate that Congress knew how to provide for federal jurisdiction but specifically chose not to do so for USERRA claims brought by individuals against states as employers." McIntosh v. Partridge, 540 F.3d 315, 321 (5th Cir. 2008).
>
> This conclusion is further supported by the legislative history of the 1998 amendments. Unlike the current statute, the pre-1998 version "provided that '[t]he district courts of the United States shall have jurisdiction' over all USERRA actions, including those brought by a person against a state employer." Townsend, 543 F.3d at 484 n.3 (citing Pub. L. No. 103-353 § 2, 108 Stat. 3149, 3165 (1994)). By amending the statute to its current form, Congress eliminated the blanket grant of jurisdiction to federal courts over all USERRA claims, and replaced it with a

2

> provision that refers only to the ability of individuals to bring claims against states as employers in state court. As the United States Court of Appeals for the Ninth Circuit explained in Townsend, "[t]he underlying reason for these amendments was that Congress was concerned about the Supreme Court's then-recent decision in Seminole Tribe," in which "the Court held that Congress may abrogate a state's sovereign immunity only when acting pursuant to its powers under § 5 of the Fourteenth Amendment," and not when it is acting pursuant to the powers enumerated in Article I. Id. at 383 (citing Seminole Tribe, 517 U.S. at 59, 72-73). The legislative history "makes plain" that the purpose of the amendments "was to solve the Seminole Tribe problem," and it "is devoid of any statement or suggestion that Congress intended to authorize individuals to bring actions against states in federal court." Id.

Huff v. Office of the Sheriff, No. 7:13-cv-00257, 2013 WL 6018988, 2013 U.S. Dist. LEXIS 161954, at *6 (W.D. Va. Nov. 13, 2013). For these reasons, the court held that it lacked jurisdiction over the plaintiff's claims for damages against the Sheriff's Office and Sheriff Winston in his official capacity and, thus, granted the defendants' motion to dismiss those claims.

Huff has now moved for reconsideration. Alternatively, she requests leave to file an interlocutory appeal.

## Discussion

### I. Motion for Reconsideration

The court assumes that Huff's motion for reconsideration is filed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). The resolution of a motion for reconsideration filed pursuant to this rule is "committed to the discretion of the district court." Id. at 515. In light of such discretion, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Nonetheless, "doctrines such as law of the case . . . have evolved as a means of guiding" a district court's discretion to reconsider or revise

3

interlocutory orders. Id. at 515 (citing Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)). Under this doctrine, a prior decision must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman, 845 F.2d at 69).

In seeking reconsideration of the court's prior decision to dismiss the claims against the Sheriff's Office and Sheriff Winston in his official capacity, Huff makes two arguments: (1) that Sheriff Winston is not an arm of the state and, thus, that he is not entitled to Eleventh Amendment immunity in his official capacity as Sheriff; and (2) that even if he is an arm of the state, his immunity to suit in federal court is validly abrogated by USERRA. For the following reasons, the court concludes that both arguments are without merit.

Contrary to her first argument, Huff previously conceded, in her supplemental brief, that the Sheriff, in his official capacity, is considered an arm of the state for purposes of the Eleventh Amendment. See Docket No. 12, Pl.'s Supp. Br. at 4 ("This lawsuit seeks damages from actions and/or omissions committed by the Roanoke County Sheriff in his professional capacity. As counsel for the defendants have highlighted, a suit against a Virginia Sheriff in his professional capacity is ultimately considered a suit against the State itself.") (citing McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893 (E.D. Va. 1992)). Her concession was understandable, given the long line of decisions to that effect. See, e.g., Vollette v. Watson, 937 F. Supp. 2d 706, 714 (E.D. Va. 2013) (noting that "federal district courts applying Virginia law have repeatedly held that Virginia Sheriffs, and their deputies, are 'state officers' for the purpose of the Eleventh Amendment") (citing cases); Gemaehlich v. Johnson, No. 7:12cv263, 2013 WL 589234, 2013 U.S. Dist. LEXIS 20147, at *4 (W.D. Va. Feb. 14, 2013) (emphasizing that "[t]here is considerable

4

authority holding that the Eleventh Amendment precludes . . . official-capacity suits against Virginia Sheriffs and their deputies because they are state, not local, officials," and finding "no reason to depart from that authority") (citing cases). While Huff now seeks to reverse course, she cites no case law to support the argument that Sheriff Winston is a county official, for whom the Eleventh Amendment provides no protection. Indeed, this argument is contrary to existing precedent. See Jenkins v. Weatherholtz, 909 F.2d 105, 107 (4th Cir. 1990) (holding that Virginia Sheriffs are "independent constitutional officer[s]," and that deputies, who serve at the discretion of Sheriffs, are "not employees of the local governing body"); Carraway v. Hill, 574 S.E.2d 274, 276 (Va. 2003) ("While constitutional officers may perform certain functions in conjunction with units of county or municipal government, neither the officers nor their offices are agencies of such governmental units."). Accordingly, Huff's first argument provides no basis for reconsideration of the court's previous decision.

Huff's second argument – that USERRA validly abrogates the states' immunity from suit in federal court – is also unavailing. To support this argument, Huff continues to assert that Congress has the authority, pursuant to its war powers, to subject state entities to private USERRA claims in federal court. However, this assertion puts the cart before the horse. It is well established that non-consenting states cannot be subjected to private suit in federal court "unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." Green v. Mansour, 474 U.S. 64, 68 (1985); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985) ("Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute."). For the reasons explained in the previous memorandum opinion, the court remains convinced that USERRA's operative text reveals no such intention on the part of

5

Congress to abrogate the states' immunity to suit in federal court.[1] Accordingly, the court need not, and indeed should not, reach the question of whether Congress has the constitutional authority to do so. See Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable."). For these reasons, Huff's war powers argument fails to provide a valid basis for reconsideration of the court's previous decision, and her motion for reconsideration will be denied.[2]

---

[1] Every circuit confronted with this issue has reached the same conclusion. See Wood v. Fla Atl. Univ. Bd. of Trs., 432 F. App'x 812, 815 (11th Cir. 2011) ("As the district court correctly noted, . . . the federal court lacks jurisdiction over a USERRA claim brought by a private individual against a state employer. Although this court has not specifically addressed this issue, our sister circuits have found that the permissive language of USERRA regarding private actions against state employers vests exclusive jurisdiction in state courts.") (internal citations and quotation marks omitted); Townsend v. Univ. of Alaska, 543 F.3d 478, 484 (9th Cir. 2008) (USERRA's jurisdictional statute "does not evince an intent to grant federal jurisdiction over actions brought by individuals against states, and it certainly does not evince an intent to abrogate the states' sovereign immunity."); McIntosh v. Partridge, 540 F.3d 315, 321 (5th Cir. 2008) ("After examining the text of the statute in its current and prior forms, we see no 'unmistakably clear' intention by Congress to abrogate state sovereign immunity by allowing individuals to bring USERRA claims against states as employers in federal court.").

[2] In the most recent filing, Huff claims that she "can count the United States Department of Justice as a like-minded ally in [her] argument," and she "invites [the court] to read [an] informative brief" that the Department of Justice submitted on "this very issue" in another USERRA action. See Docket No. 18 at 6. That action, however, was filed in New Mexico state court, pursuant to 38 U.S.C. § 4323(b)(2), which expressly provides that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State." Thus, while the brief may have proved helpful if Huff had filed suit in state court, she elected to pursue her claims in federal court. Huff is advised that, in cases like hers, which were filed against state actors in federal court, the United States has advocated for the same result reached by this court and every other circuit confronted with this issue. See, e.g., Weaver v. Madison City Bd. of Educ., 5:11-cv-03558 (N.D. Ala.), Br. for the United States as Intervenor at 16 ("If the court reaches the issue, it should rule that USERRA does not authorize private suits against states in federal court."); McIntosh v. Partridge, No. 07-200440 (5th Cir.), Br. for the United States as Intervenor at 4 ("The Supreme Court has repeatedly held that, before Congress may subject States to private suit in federal court, Congress must unequivocally express its intent to do so. Congress did not express such an intent in USERRA. Quite the contrary: Congress explicitly granted jurisdiction over private USERRA claims against state employers to state courts, not to federal courts.").

## II. Motion for Leave to File an Interlocutory Appeal

The procedure for appealing interlocutory orders of a district court is governed by 28 U.S.C. § 1292(b), which provides, in pertinent part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b). Applying this statute, courts have held that "leave to file an interlocutory appeal should be granted only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation." Univ. of Va. Patent Found. v. Gen. Elec. Co., 792 F. Supp. 2d 904, 909 (W.D. Va. 2011); see also Terry v. June, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005); Lovelace v. Rockingham Mem'l Hosp., 299 F. Supp. 2d 617, 623 (W.D. Va. 2004). Because an interlocutory appeal under § 1292(b) is an exception to the general rule that a party may only appeal a final judgment, the statutory requirements are "strictly construed." Young v. Sheetz, Inc., 998 F. Supp. 670, 672-73 (W.D. Va. 1998).

In this case, for the reasons set forth above, the court concludes that Huff has not demonstrated that a "ground for difference of opinion" exists as to whether the claims against Sheriff Huff, in his official capacity, are barred by the Eleventh Amendment, much less a "substantial" one. Accordingly, her motion for leave to file an interlocutory appeal will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 31st day of January, 2014.

*/s/ Glen Conrad*

Chief United States District Judge